**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In re:<br><br>**ELIZABETH BACHERT,**<br><br>                           **Debtor** | **CHAPTER 7 BANKRUPTCY**<br><br>**NO. 25-11170 AMC** |
| **LESLIE AND DAVID NETTING**<br><br>                           **Plaintiffs**<br><br>                           vs.<br><br>**ELIZABETH BACHERT**<br><br>                           **Defendant** | **ADVERSARY NO. 25-00160 AMC** |

**ANSWER**

Defendant, Elizabeth Bachert, by and through her counsel, George M. Lutz, Esquire and Hartman, Magovern, Valeriano & Lutz, PC, hereby files this Answer, and in support thereof avers as follows:

**JURISDICTION AND VENUE**

    1.    Admitted.

    2.    Admitted.

**PARTIES**

    3.    Admitted.

    4.    Admitted.

## BACKGROUND

5.     It is admitted that the parties entered into a lease for commercial space. The characterization of the lease as a triple net lease is objected to in that the referenced document, a copy of which is not attached to the Complaint, speaks for itself.

6.     The averment in the correspondence paragraph of the Complaint is that the document, a copy of which is not attached to the Complaint, speaks for itself.

7.     Admitted in part, denied in part. It is admitted that during the time period averred, the Defendant did not pay rent to the Plaintiff. It is further admitted that the Defendant did not pay real estate taxes for the time period averred. The implication in Section 7 of the Complaint that rent and real estate taxes were to be paid during said time period is denied, in that the referenced document, a copy of which is not attached to the Complaint, speaks for itself. Finally, it is admitted that the Defendant relocated in an attempt to continue her business. It is denied that the business generated income, in the sense that income implies revenues exceeding expenses. To the contrary, the business did not generate income greater than expenses.

8.     Admitted in part, denied in part. It is admitted that a judgment in the amount of $12,235.65 was entered against the Defendant in Magisterial District Court No. 23-3-01. The characterization of the judgment as stated in the Adversary Proceeding Complaint is denied, in that there is no indication of the characterization of the Complaint in the records of the Pennsylvania Unified Judicial System, nor are a copy of the referenced Complaint or the Order entering judgment included as an exhibit to the Adversary Proceeding Complaint. By way of further response, it is noted that the Adversary Proceeding Defendant filed suit against the Adversary Proceeding Plaintiffs in the same Magisterial District Court and obtained a judgment in the amount of $3,000.00.

9. Admitted. It is admitted that the Defendant attempted to continue to operate her business on the premises. It is denied that the revenue generated was sufficient to allow the Defendant to pay rent the Plaintiffs.

10. Admitted in part, denied in part. It is admitted that the Defendant generated revenue from these events. It is denied that that the Defendant "deliberately chose not to use those funds to pay obligations owed under the lease." To the contrary, the Defendant attempted to meet all business expenses as best as she was able, including any obligations that arose under a lease with the Plaintiffs. However, the dwindling revenue generated by the business did not provide enough to meet all expenses. By way of reminder, the Defendant notes that a significant reason that the business struggled to generate sufficient revenue to meet its expenses was a result of actions taken by the Plaintiffs, including intrusion by the Plaintiffs on the business space and interference with the business operations of the Defendant.

11. Denied. The characterization of the Defendant's conduct as "calculated to harm Plaintiff" is denied. To the contrary, the Defendant attempted to meet all business expenses as best as she was able, including any obligations that arose under a lease with the Plaintiffs. Additionally, the characterization of the Defendant's actions as "intentional, knowing and malicious" is denied. The Defendant's actions in not paying any financial obligations to the Plaintiffs were not intentional. Rather, Defendant attempted to meet all business expenses as best as she was able, including any obligations that arose under a lease with the Plaintiffs. It is admitted that the Defendant's actions in not paying any financial obligations to the Plaintiffs were known to the Defendant. Finally, the characterization of the Defendant's actions as "malicious" is denied. Rather, Defendant attempted to meet all business expenses as best as she was able, including any obligations that arose under a lease with the Plaintiffs, and no malice was directed to the Plaintiffs as a result of the Defendant's inability to meet her financial obligations.

12. The averments of Paragraph 12 of the Complaint are averments of law to which no responsive pleading is required. By way of further response, the Defendant's averments in Section 11 of this Answer are incorporated herein.

### REQUEST FOR RELIEF

13. The statement in Paragraph 13 of the Complaint is a demand for relief and not an averment of fact, and accordingly, no response is required.

14. The statement in Paragraph 14 of the Complaint is a demand for relief and not an averment of fact, and accordingly, no response is required.

WHEREFORE, the Defendant respectfully requests this Honorable Court to enter judgment in favor of the Defendant and against the Plaintiffs.

**Date:** June 27, 2025

        **Respectfully submitted,**

        **Hartman, Valeriano, Magovern & Lutz, PC**

**by:**    */s/ George M. Lutz*

        **George M. Lutz, Esquire**
        **1025 Berkshire Boulevard, Suite 700**
        **Wyomissing, PA  19610**
        **Pa. Attorney ID No.: 46437**