# UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF PENNSYLVANIA

PHILADELPHIA DIVISION

In re:

ELIZABETH A. BACHERT,

Debtor

CHAPTER 7 BANKRUPTCY

NO. 25-11170 AMC

LESLIE AND DAVID NETTING,

Plaintiffs,

v.

ELIZABETH A. BACHERT,

Defendant

ADVERSARY NO. 25-00160 AMC

## EXHIBIT A
## PLAINTIFFS' REPLY TO DEFENDANT'S ANSWER TO ADVERSARY COMPLAINT

Reply to the Answer filed by Defendant Elizabeth A. Bachert, by and through her counsel, George M. Lutz, Esquire and Hartman, Magovern, Valeriano & Lutz, P.C.

### GENERAL DENIAL

To the extent Defendant's Answer includes denials, partial admissions, characterizations, or legal conclusions inconsistent with the Plaintiffs' Adversary Complaint, Plaintiffs deny all such assertions and reaffirm the factual and legal accuracy of their original pleading.

Paragraph 5

Plaintiffs did not attach a copy of the Triple Net Lease to the Adversary Complaint because the matter had already been adjudicated in Plaintiffs' favor in Magisterial District Court No. 23-3-01. The lease was submitted and relied upon as evidence in those

proceedings, which resulted in a judgment against the Defendant for unpaid rent and related obligations. Plaintiffs affirm that all representations made in the complaint are accurate and supported by evidence, including public records and Defendant's own actions and communications.

Paragraph 6
Once again, the lease at issue was and remains a triple net lease under which Defendant was obligated to pay rent. Plaintiffs did not reattach the lease to the Adversary Complaint because the validity and terms of the lease had already been adjudicated in prior proceedings. As such, Defendant's objection is without merit.

Paragraph 7
Plaintiffs acknowledge Defendant's admission that she failed to pay rent and real estate taxes. However, her denial of legal responsibility is contradicted by both the lease terms and the final judgment issued by Magisterial District Court No. 23-3-01, which found Defendant liable to Plaintiffs for unpaid rent under the lease. Additionally, the Defendant, while collecting tuition payments and revenue, directed funds toward setting up a new business location. These expenditures demonstrate that Defendant chose to prioritize restarting her business at a new location over meeting her financial obligations to Plaintiffs, despite being fully aware of her ongoing lease obligations.

Paragraph 8
While Defendant admits the $12,235.65 judgment entered against her, she attempts to cast doubt on the nature of the judgment. Plaintiffs assert that the judgment is clear and enforceable, based on nonpayment of rent and other lease obligations. Any counterclaim judgment she references in her favor is unrelated and does not reduce or invalidate the judgment owed to Plaintiffs. A copy of the judgment was not attached to the Adversary Complaint because Defendant had already received a copy of it in the original proceedings; her and her lawyer's familiarity with the judgment confirms this.

Paragraph 9
Defendant admitted that she 'attempted' to continue to operate her business on the premises, when she did operate the business for those three months. During that period, she held productions which generated additional revenue, as well as revenue from costume sales, company concerts, and other sources. Despite generating these various streams of income, Defendant selectively decided what to pay—utilities, teacher salaries, production supplies, funding a new location, etc.—rather than paying her rent, while continuing to conduct business at the facility. This continued operation undermines her claims of inability to pay and supports the claim of willful disregard of the judgement.

Paragraph 10
Plaintiffs strongly deny Defendant's claim that her conduct was unintentional or non-malicious. Defendant knew she owed rent, continued to operate a business in the leased space, collected revenue, and still chose not to pay her legal obligations. Defendant actively

Respectfully submitted this 7th day of July 2025.

Leslie Netting
David Netting
Plaintiffs, Pro Se

29870 Longhorn Dr.
Canyon Lake, CA 92587
610-368-2082
leslienetting@gmail.com

Exhibits:
Exhibit 1- Defendant's New Business Location



